AMERICAN EXPRESS CO. *v.* GRILLIS.[*]

(Division B. March 9, 1925.)

[103 So. 196.  No. 24714.]

1. BANKS AND BANKING. *Provision of express company's check for indemnity bond, as condition of refund in case of loss, held not to require perpetual bond.*

While stipulation on which "Express Company check" was issued to purchaser that, if check be lost, refund will not be made till the company has been furnished a bond of indemnity, is reasonable and should be enforced, it does not require a perpetual bond, in view of valid provision on face of check that it must be presented promptly, and in a reasonable time, or drawer will be discharged; and there was no error in court limiting life of bond required to a year.

2. BANKS AND BANKING. *Indemnity bond for more than face of lost check should be required for refund.*

Under stipulation of "Express Company check" for a bond of indemnity, as condition of refund in case of loss of check, the court should require a bond for more than face of check, to cover expenses.

*Headnotes 1. Banks & Banking, 7 C. J., Section 402, (1926 Anno);
2. Banks & Banking, 7 C. J., Section 402, (1926 Anno).

APPEAL from chancery court of First Dist. Hinds county.

HON. V. J. STRICKER, Chancellor.

Suit by Theodore Grillis against the American Express Company. From a decree for complainant, defendant appeals. Affirmed in part, reversed in part, and judgment rendered.

*Fulton Thompson* and *R. H. & J. H. Thompson,* for appellant.

I. The American Express Company, anticipating that some of the checks issued by it might be lost, stolen or destroyed, made provision for such case; it formulated a contract to be executed by every purchaser of its checks requiring each purchaser, as a condition to the issuance of a check to him to agree and bind himself contractually that he would give the company an indemnifying bond, in case of the loss, theft or destruction of a check before its payment and this was made a pre-requisite to the payment of an alleged lost, stolen or destroyed check. In fact the company in every instance issued and delivered to each purchaser of its checks a receipt for the money paid it therefor and this receipt had the contract written or printed on its back, the same being a part of it.

The appellee called at appellant's office in Jackson and applied for the check issued him. Coincident with its issuance and as a part of the same transaction the

complainant, for a valuable consideration, the issuance to him of said check, contracted and agreed to and with defendant that in case of the loss or destruction of the check, and as a condition precedent to its payment if lost, stolen or destroyed, that he, the complainant would execute and deliver to defendant a bond of indemnity, satisfactory to defendant; to save it harmless from liability on the lost, stolen or destroyed check to any other person. -

The defendant's rules and established procedure were not harsh nor unreasonable. In truth they were entirely equitable. Courts of chancery uniformly require in suits upon alleged lost, stolen or destroyed negotiable instruments that the complainant, as a condition to recovery thereon, shall indemnify the defendant from further liability upon the alleged lost, stolen or destroyed instruments. *Smith* v. *Walker,* S. & M. (Miss.) 432; *Truly* v. *Lane,* 7 S. & M. 325; *Gordon* v. *Manning,* 44 Miss. 756; *N. O., etc., R. R. Co.* v. *Miss. College,* 47 Miss. 560.

A few days after complainant had obtained the check sued upon from defendant he returned to defendant's office in Jackson, announced that he had lost the check previously issued to him and demanded that the company restore to him the thousand dollars he had paid for it. The complainant refused to execute the bond and demanded that payment should be made him without his giving the defendant any indemnity whatever.

An indemnifying bond given and tendered with the filing of the bill of complaint was an essential in this case, because such a bond was by contract made a pre-requisite to complainant's right to have the money demanded paid to him. For this reason, the decree of the chancery court should be wholly reversed. The dismissal of this suit of course would not bar complainant from thereafter instituting and maintaining another suit when he shall have done the thing necessary to be done to put the defendant in default. Up to this time the defendant is not nor has it been in default; it has been ready at all times to

refund to complainant the one thousand dollars received from him when and as soon as he complies with his contract by executing and delivering the indemnifying bond presented to him for execution.

Equity courts require a complainant to do equity before demanding equity.

II. There was no warrant in law or reason for the provision in the decree of the chancery court limiting to one year the life of the bond prescribed by the court below to be given by the complainant. If it were generally known that the court would put such a time limit upon indemnifying bonds in such cases and cases akin to this one, serious and fraudulent results would almost surely follow. Evil persons would be encouraged to claim that they had lost negotiable paper, demand payment thereof from the maker, execute indemnifying bonds imposing liability for only one year, and receive payment. As soon as the year had elapsed the lost paper would be found in the hands of some third person duly endorsed to him before its maturity and the maker would have to pay it twice, without any security whatever to save him harmless.

The court will see that the one-year limitation on the life of the bond begins to run from the date of the decree, while the condition of the bond prescribed therein fixes the time when a cause of action will accrue upon the bond upon the presentation by any person of the lost, etc., check for payment, etc. This is at least incongruous; we think it erroneous and unjust.

We have a statute, section 3127, Code of 1906, prohibiting the parties to contracts from stipulating the time within which the courts will maintain suits upon them, leaving that time to be determined by the statute of limitations. Is it permissible for a court directing a contract to be made between the parties to a suit before it to insert into the contract a term or provision which would be illegal if incorporated into a contract volun-

tarily made by the same parties? We submit, for the court to do so is erroneous.

III. If the decree appealed from can be maintained on any of its features, it is nevertheless erroneous, as we submit, because the conditions of the bond prescribed therein are not the same as the conditions of the bond provided for in the contract between the parties to this suit. The contract provided for a bond satisfactory to the defendant, and this means that the conditions must be satisfactory to the defendant as well as that the other features of the bond must be satisfactory to it. We do not controvert the fact that a bond satisfactory to a party means one with which he should be satisfied and does not mean merely one which he affirms to be unsatisfactory.

Again, the bond provided in the decree has its penalty fixed at one thousand dollars the sum demanded by the complainant, while the bond contracted to be given is an indemnity for the full extent of the defendant's losses, whether they exceed or be less than one thousand dollars.

*Mayes & Mayes,* for appellee.

This lost check was payable to Grillis' order and was lost without having been indorsed by Grillis. Grillis had notified the Express Company of the loss of the check without his indorsement being on it and therefore if the check was later presented for payment at any of its offices, the Express Company could safely refuse to pay the check as it would not have been indorsed or if it did bear indorsement the company would know that the indorsement was a forgery. Not only that but the check stated on its face that it must be presented for payment within a reasonable time.

Grillis was willing to give and did tender to the Express Company before suit was filed a bond protecting it from loss occurring by reason of the payment of the check prior to the time when the Express Company re-

ceived notice of the loss of the check. But the Express Company declined to accept that sort of bond and demanded a bond running for all time to come and indemnifying it against any loss even a loss resulting from the payment of the check by the negligence of its own servants after the company had received notice of the loss of the check and even after the expiration of the reasonable time for payment stipulated for in the face of the check. Grillis was not willing, and we do not believe that the law requires him so to indemnify the Express Company.

There is no doubt that the chancery court has the power to order the Express Company to issue a new check to take the place of the lost one. *N. O. J. & G. N. R. R. Co.* v. *Miss. College,* 47 Miss. 560.

Anderson, J., delivered the opinion of the court.

Appellee, Theodore Grillis, filed his bill in the chancery court of Hinds county against appellant, American Express Company, by which he sought to have appellant issue to him a duplicate of a lost check for one thousand dollars theretofore purchased by him from appellant, or in lieu of such duplicate check to recover the thousand dollars. The cause was heard on bill, answer and proofs, and decree was rendered in favor of appellee for one thousand dollars, conditioned upon appellee executing a bond of indemnity in that sum payable to appellant with sufficient sureties to be approved by the clerk of the chancery court, such bond to run for a period of one year from the date of the decree.

Appellee on the 21st of December, 1923, purchased from appellant at its Jackson office in this state a check for one thousand dollars for which he paid that sum. The check was addressed to appellant's New Orleans, La., office and directed that office:

"On presentation of this check pay from our credit balance one thousand dollars to the order of Theodore Grillis."

The check was duly signed by the appellant company by its agent at Jackson, and countersigned by its treasurer. The caption at the top of the check is "American Express Company Check." And just below that is this indorsement on the check:

"This check must be presented for payment promptly, and within a reasonable time after the date of issue, or the drawer will be discharged from liability thereon."

With this check appellant delivered to appellee a receipt showing its issuance, date, amount, etc., on the back of which receipt there was an agreement between the parties in four paragraphs, one of which (the 3d) was in this language:

"(3) In the event this check is lost, stolen, or destroyed, no refund will be made until the claimant has furnished to the American Express Company a bond of indemnity satisfactory to that company."

Appellee lost the check in question, and was unable to find it. He thereupon demanded of appellant either a duplicate of the lost check or the repayment to him of one thousand dollars, the amount he paid therefor. Appellant declined to comply with appellee's demand until the latter should execute an indemnity bond as provided by paragraph 3, copied above, of the agreement attached to the receipt given him by appellant. Appellant tendered appellee a form of indemnity bond to be executed by him. Appellee declined to execute any bond, and thereupon filed the bill in this cause.

Appellant assigns and argues principally two alleged errors in the decree appealed from, namely, that the life of the indemnity bond should not have been limited to a period of one year, and that the bond should have been in a greater sum than one thousand dollars so as to cover any necessary expenses which appellant might incur on account of the loss of the check. The check on its face gives notice to all persons dealing therewith that it must be presented for payment promptly and within a reasonable time from the date of its issue, or the drawer

will be discharged from liability. The check was dated the 21st of December, 1923. It had not been heard from when this cause was tried in the court below, which was in September, 1924. The stipulation providing for the indemnity bond is reasonable and should be enforced. But to require of appellee a perpetual indemnifying bond in view of such notice on the face of the check would be unreasonable.

We will not undertake to define what it takes to constitute prompt presentment or presentment within a reasonable time as provided by the notice. But we see no reason why that provision in the check is not valid and binding on the parties. The facts of each case would determine what would be prompt presentment or presentment within a reasonable time.

We hold that the trial court committed no error in limiting the life of the indemnity bond required. We are of opinion that the bond should run for twelve months from the date of judgment in this court.

We think, however, that the court below erred in not requiring an indemnifying bond in a greater sum than one thousand dollars. If the check should turn up and be wrongfully paid by appellant, and appellee should be insolvent, one thousand dollars would be the least loss appellant would thereby suffer. Appellee should be required to give an indemnifying bond in sufficient amount to cover the face of the lost check and also any necessary expense appellant might be put to as a result of its loss and presentment for payment. We think a bond in the sum of one thousand three hundred dollars would be sufficient to cover the whole. Final judgment will be accordingly entered in this court.

*Affirmed in part, and reversed in part, and judgment here.*